UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATHEW NEISLER,

                Plaintiff,

v.                                                     **Case No. 14-cv-655-pp**

**DONNA LARSON AND**
**BELINDA SCHRUBBE,**

                Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY (ECF NO. 21), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 23), AND DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY AUGUST 24, 2015**

       Plaintiff Mathew Neisler is incarcerated at Waupun Correctional Institution, and represents himself. On June 6, 2014, he filed a civil rights complaint against the defendants. (ECF No. 1.). He amended that complaint on June 18, 2014 (ECF No. 5), and on August 14, 2014, Judge Rudolph T. Randa screened the amended complaint, *see* 28 U.S.C. § 1915A, and permitted the plaintiff to proceed on Eighth Amendment deliberate indifference to a serious medical need claims against defendants, Waupun Correctional Institution Nurses Donna Larson and Belinda Schrubbe. On October 16, 2014, Judge Randa issued a scheduling order, setting a January 16, 2015, deadline for the the parties to complete discovery and a February 16, 2015, deadline for the parties to file dispositive motions. On December 29, 2014, the case was reassigned from Judge Randa to Judge Pepper.

1

## **Motion for Discovery**

The plaintiff has filed a pleading entitled "Plaintiff's Motion for Discovery." (ECF No. 21). In this motion, he asks the court for a scheduling order, "allowing a term for discovery pursuant to Rule 56(d) of the federal rules of civil procedure." He asks the court to extend the deadline for him to respond to the defendants' motion for summary judgment until 30 days after discovery is completed. He attached to this motion the "Declaration of Mathew Neisler." (ECF No. 22). According to the declaration, the plaintiff never received a scheduling order providing a "term of discovery." He indicates that he didn't receive the defendants' February 16, 2015 motion for summary judgment until February 20. The plaintiff says that he needs to conduct discovery in order to respond to the motion for summary judgment. He also indicates that on February 23, 2015, he asked to be able to review his medical files (his complaint alleges that the defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment), but that the institution had not yet allowed him to review those files.

The defendants filed a brief opposing the motion for discovery. (ECF No. 24). They contend that the plaintiff has no excuse for his failure to conduct discovery before the court's January 16, 2015, discovery deadline, noting that the docket shows that Judge Randa's October 16, 2014, scheduling order was sent to the plaintiff, via U.S. mail, at Waupun, the same day the judge entered the order. They note that this is not the only case the plaintiff has filed in federal court, and so he should be aware of how the discovery process works.

2

The defendants indicated that they would not object to the court giving the plaintiff a thirty-day extension to respond to their summary judgment motion, but they ask that the court deny his motion for discovery. In addition, the defendants submit information verifying that the plaintiff reviewed his medical file on April 2, 2015. (ECF No. 25, Larson Decl. ¶ 3).

The plaintiff has submitted a declaration under penalty of perjury, attesting that he did not receive a scheduling order. In that declaration, he lists the discovery he seeks from the defendants. While some of it appears to be the type of information that would be contained in his medical records (which it appears he now has had the opportunity to review), some of it—the identity of a person who pushed his wheelchair on a certain date, job descriptions for the defendants—does not appear to be the type likely to be contained in the prison medical file. The plaintiff should have an opportunity to obtain from the defendants the discovery that was not contained in his medical records, and the court will allow him a short period of time in which to do so. The plaintiff must submit his discovery request to the defendants on or before **July 10, 2015**. The defendants must provide their responses to the plaintiff's discovery request by **July 24, 2015**. If the plaintiff wishes to file a response to the defendants' motion for summary judgment, he must do so by **August 24, 2015**, and the defendants' reply is due **September 8, 2015**.

## Motion to Appoint Counsel

In his motion asking the court to appoint counsel to represent him, the plaintiff states that he does not have the money to hire an attorney. (ECF No. 23). He states that he has tried to recruit a lawyer himself, and has been rejected by four different agencies. He says that at the beginning of the litigation, he had two inmates who provided him with substantial assistance, but that they are no longer available for various reasons. According to the plaintiff, without his fellow inmates' assistance, he has great difficulty comprehending and responding to the defendants' motions. The plaintiff also states that he has limited access to the law library because he's in program status, and so can only use the library in the day time if he has a "verifiable court deadline." He says the institution's computers don't work regularly.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend

4

litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has provided the court with four letters from attorneys or legal organizations declining to represent him. (ECF No. 23-1). The letters are dated August 22, 2012; November 5, 2012; November 5, 2012; and November 14, 2012. The plaintiff's amended complaint, however, alleges that the defendants violated his Eighth Amendment rights between March 2012 and May 2013. The letters, therefore, are dated *before* the conclusion of the offenses the plaintiff alleges in his complaint; it is hard to understand how one can seek legal representation before one has been injured. Further, the plaintiff filed the same four letters in support of his December 30, 2013, motion to appoint counsel in another case he had in this district, *Neisler v. Tuckwell*, Case No. 13-cv-821-RTR (ECF No. 14). These facts demonstrate that the plaintiff has not submitted proof that he made efforts to find attorneys to represent him in this case; rather, he consulted some attorneys about something (it isn't clear what) before the conclusion of the events described in the complaint.

Even if the plaintiff had submitted documentation proving that he'd made a reasonable attempt to retain counsel *for this case*, the court would not recruit pro bono counsel for him at this time. The plaintiff does not state when he stopped receiving assistance from the two inmates. But it appears that he did not have assistance with his March 2015, motion for discovery and his April 2015, motion to appoint counsel. These filings reveal that at this stage, the plaintiff is capable of representing himself. He lists discovery that he needs

5

and makes competent arguments on his behalf. The plaintiff's medical care claim is not very complex—he alleges that the defendants placed him in an unsafe environment after he damaged his prosthetic limb, and again after he received a new prosthetic limb. The court concludes that the plaintiff is competent to conduct discovery and to respond to the defendants' summary judgment motion. Accordingly, the court will deny the plaintiff's motion to appoint counsel.

The court **GRANTS** the plaintiff's motion for discovery (ECF No. 21). The court **ORDERS** that the plaintiff must submit his discovery request to the defendants on or before **July 10, 2015**. The court **ORDERS** that the defendants must provide their responses to the plaintiff's discovery request by **July 24, 2015**. The court **ORDERS** that the deadline for the plaintiff to file his response to the defendants' motion for summary judgment is extended to **August 24, 2015**. The court **ORDERS** that the defendants must file their reply by **September 8, 2015**.

The court **DENIES** the plaintiff's motion to appoint counsel (ECF No. 23).

Dated at Milwaukee this 19th day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge