# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MATHEW NEISLER**,

        Plaintiff,

v.                                **Case No. 14-cv-655-pp**

**DONNA LARSON and
BELINDA SCHRUBBE,**

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 30) AND STAYING CASE

On February 16, 2015, the defendants filed a motion for summary judgment. Dkt. No. 14. The plaintiff's response would have been due on March 18, 2015, *see* Judge Randa's October 16, 2015 scheduling order at Dkt. No. 13, but on March 17, 2015, the plaintiff filed a motion for discovery, Dkt. No. 21. In the declaration he attached to the motion, the plaintiff told the court that he never had received the October 16, 2015 scheduling order. Accordingly, on June 19, 2015, the court granted the plaintiff's motion for discovery, allowing him additional time until July 27, 2015 to seek limited discovery from the defendants that was not contained in his Wisconsin Department of Corrections medical records. Dkt. No. 28. The court also gave the plaintiff a deadline of August 24, 2015, to respond to the defendants' motion for summary judgment. Id.

On July 8, 2015—over a month before his response to the summary judgment motion was due—the plaintiff filed a request for discovery. Dkt.

1

No. 29. The request really was a discovery demand to the defendants, asking them to provide him with a variety of medical records relevant to the allegations in his complaint. About a month later, on August 5, 2015, the plaintiff filed a motion to compel discovery with respect to two issues. Dkt. No. 30.

First, the plaintiff sought the name and employee number of the "wheel chair pusher" for his March 9, 2012, "examination by Larson." Id. at 1. In response to the plaintiff's motion to compel, the defendants state that they provided this information to the plaintiff by letter of August 19, 2015. Dkt. No. 32 at 2.[1] Thus, this request is moot.

Second, the plaintiff requests that the defendants obtain his medical file from Aljan. Dkt. No. 30 at 2. The plaintiff asserts that he attempted to obtain his medical file from Aljan, but he received no response. He indicates that, contrary to the defendants' argument that they don't have the authority to release the Aljan records, he provided the Department of Corrections with a release signed on October 7, 2014 which authorized the release of, among other things, "Information that may not be contained in the clinic/hospital/medical chart and information that may have been generated by persons, entities, or providers other than Health Care Provider." Id., citing Dkt. No. 30-1 at p. 12. ("Health Care Provider" is defined in the release as the Department of Corrections and "any employee or representative thereof." Id.

---

[1] The defendants also contend the court should deny the plaintiff's motion to compel because he did not attempt to confer with them in an effort to resolve the dispute before filing the motion to compel. Dkt. No. 32 at 2.

2

The defendants respond that the release to which the plaintiff refers "is for the defendants to obtain his Department of Corrections health information, not for outside health care providers like Aljan. The defendants do not have possession or control over Aljan's records." Dkt. No. 32 at p. 3 (citation omitted). They further assert that the plaintiff cannot rely on Federal Rules of Civil Procedure 34(c) and 45 to force the defendants to obtain records outside their possession, custody, or control. Id., citing Mutzwakkil v. Gerl, 2014 WL 670853, at *4 (W.D. Wis. Feb. 20, 2014). According to the defendants, if the plaintiff wishes to obtain the records from a nonparty, he should request a subpoena from the court. Id. *See* Fed. R. Civ. P. 45.

The court, having reviewed the complaint and other pleadings, concludes that the information the plaintiff seeks from his Aljan medical records is relevant to his claim. *See Motion* to Compel, Dkt. No. 30, at 3. While the court understands the plaintiff's interpretation of the release he attached, that release authorizes the DOC to hand over records that it didn't generate. It does not, however, require the DOC to go out and get records from third parties that it doesn't have. At this point, it appears that the only way he can obtain this information is with a subpoena. The court will not compel the DOC to go out and conduct discovery of third parties for the plaintiff. For that reason, the court denies the motion to compel.

The court knows that the plaintiff already has filed his response to the motion for summary judgment. Dkt. Nos. 34, 35. But that response is incomplete, because the plaintiff did not have the Aljan records to be able to

3

fully flesh out the response. The court believes the plaintiff needs those records to truly respond to the summary judgment motion. Accordingly, the court is mailing along with this order a subpoena form, which the plaintiff can complete and send to Aljan. Because the court cannot predict how long it will take for the plaintiff to obtain the records from Aljan, it is going to temporarily stay this case. As soon as the plaintiff obtains the Aljan records, he should notify the court by sending the court a letter. Once the court receives that letter, the court will lift the stay, and set a deadline for the plaintiff to amend his response to the defendants' motion for summary judgment.

The court **DENIES** the plaintiff's motion to compel (Dkt. No. 30).

The court **ORDERS** that any further proceedings in this case are **STAYED** until the plaintiff notifies the court that he has obtained his medical records from Aljan.

The court encloses a subpoena form (AO 88B – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action) along with this order, mailed to the plaintiff.

Dated at Milwaukee this 2nd day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge