UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**MATHEW NEISLER**,

              Plaintiff,

v.                                             **Case No. 14-cv-655-pp**

**DONNA LARSON and
BELINDA SCHRUBBE,**

              Defendants.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS (DKT. NO. 42), GRANTING PLAINTIFF'S MOTION FOR ORDER DIRECTING COMPLIANCE WITH SUPBOENA (DKT. NO. 42), AND ORDERING ALJAN PRESIDENT ALAN C. BURKE TO RESPOND TO SUBPONEA ON OR BEFORE MARCH 4, 2016**
_____

      The *pro se* plaintiff, Mathew Neisler, is a Wisconsin state prisoner. He alleges that the defendants, Waupun Correctional Institution Nurses Donna Larson and Belinda Schrubbe, acted with deliberate indifference to his serious medical need in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 5. On September 2, 2015, the court stayed this case so that the plaintiff could obtain his medical records from non-party Aljan Company because the plaintiff could not fully respond to the defendants' motion for summary judgment without the records. Dkt. No. 37. The court also

1

provided the plaintiff with a subpoena form, so that he could serve Aljan Company with the subpoena.[1]

On December 30, 2015, the plaintiff filed the motion that is now before the court—a motion asking the court to hold Aljan president Alan R. Burke in contempt, requiring Burke to comply with the subpoena, and to order monetary sanctions based on Aljan Company President Alan R. Burke's failure to respond to the subpoena the plaintiff served on him. Dkt. No. 42. The plaintiff asserts that he put a deadline of December 12, 2015 in the subpoena as the date by which Aljan had to comply, and that Aljan Company had not responded to the subpoena as of December 29, 2015. Id. at 2. With regard to monetary sanctions, the plaintiff asks the court to impose a sanction of $250.00, with an additional penalty of $25.00 per day for each additional day of non-compliance after the court's order. Id.

The court may hold in a person in contempt when, having been served, that person fail—without adequate excuse—to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g). The plaintiff has filed documentation showing that on November 18, 2015, he mailed the subpoena to Mr. Burke, Dkt. No. 42-1, requesting:

> Emails, phone logs, and correspondence between Aljan Co. and Waupun Correctional Institution regarding Mathew Neisler. The Medical file of Mathew Neisler as maintained at Ajlan Co., and the completed questionnaire which is attached to this subpoena.

Dkt. No. 41-1.

---

[1] On September 2, 2015, the court inadvertently mailed the plaintiff the wrong subpoena form. On November 12, 2015, the court mailed the plaintiff the correct subpoena form.

2

"Serving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). Personal service is not required, and service via certified mail is sufficient. See Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012); see also Stepp v. Rexnord Industries, Inc., 2014 WL 3866135, *2 (S.D. Ind. 2014) (adding that "courts within the Seventh Circuit must themselves determine if the method" of service satisfies Rule 45); Jennings v. Moreland, 2012 WL 761360, *1 (E.D. Cal. 2012) (reading "delivering" to cover prisoner placing subpoena in outgoing mail in addition to personal service when subpoenaed person receives fair notice); Green v. Baca, 2005 WL 283361, at *1, n.1 (C.D. Cal. 2005) (finding that service of subpoenas pursuant to the delivery procedures under Rule 5(b) was sufficient service under Rule 45).

The court will not hold Mr. Burke in contempt of court or impose sanctions at this time. See U.S. S.E.C. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010) (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance."). Instead, the court will order Mr. Burke to respond to the subpoena on or before March 4, 2016. If Mr. Burke does not timely respond to the subpoena, the plaintiff may refile his motion for contempt and sanctions.

The court **DENIES WITHOUT PREJUDICE** plaintiff's motion for contempt and sanctions. (Dkt No. 42)

3

The court **GRANTS** plaintiff's motion for order directing Aljan Company President Alan Burke to respond to the plaintiff's subpoena. (Dkt No. 42)

The court **ORDERS** that, on or before **March 4, 2016**, Aljan Company President Alan C. Burke shall respond to the subpoena the plaintiff mailed to him on November 18, 2015.

The court will mail a copy of this order and the case docket sheet to: President Alan R. Burke, Aljan Company, 2008 Fish Hatchery Road, Madison, Wisconsin, 53713.

Dated in Milwaukee, Wisconsin this 1st day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge